IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REAL TIME MEDICAL SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>POINTCLICKCARE TECHNOLOGIES, INC. d/b/a POINTCLICKCARE<br><br>Defendant. | Civil Action No. 8:24-CV-00313 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that PointClickCare Technologies, Inc. d/b/a PointClickCare ("PointClickCare" or "Defendant"), by and through its undersigned counsel, and without waiving defenses of lack of subject matter or personal jurisdiction, improper venue, failure to state a claim upon which relief may be granted, or any other defense, hereby removes the above-captioned action, styled *Real Time Medical Systems, Inc. v. PointClickCare Technologies, Inc. d/b/a PointClickCare*, No. C-15-CV-24-000161 from the Circuit Court for Montgomery County, Maryland, to this Court. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 on the basis of federal question jurisdiction and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367. Alternatively, this Court has original jurisdiction under 28 U.S.C. § 1332 on the basis of diversity jurisdiction. This case may therefore be removed under 28 U.S.C. §§ 1441, and 1446. As grounds for removal, PointClickCare states as follows:

## BACKGROUND

1. On January 9, 2024, Real Time Medical Systems, Inc. ("Real Time Medical Systems" or "Plaintiff") filed a complaint against PointClickCare in the Circuit Court for Montgomery County, Maryland.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the unredacted Complaint is attached hereto as **Exhibit 1**, and are incorporated herein by this reference.

3. A true and correct copy of a redacted version of the Complaint is attached hereto as **Exhibit 2.**

4. A true and correct copy of the unserved Writ of Summons is attached hereto as **Exhibit 3.**

5. A true and correct copy of a Notice Regarding Restricted Information Pursuant To Rule 20-201.1 filed in state court is attached hereto as **Exhibit 4.**

6. A true and correct copy of a Civil Non-Domestic Case Information Report filed in state court is attached hereto as **Exhibit 5.**

7. A true and correct copy of Plaintiff's Line Regarding Summons filed in state court is attached hereto as **Exhibit 6.**

8. A true and correct copy of Plaintiff's Motion For Leave To File Under Seal filed in state court is attached hereto as **Exhibit 7.**

9. A true and correct copy of a proposed order granting Plaintiff's Motion For Leave To File Under Seal filed in state court is attached hereto as **Exhibit 8.**

10. A true and correct copy of Plaintiff's Request For Assignment To the Business And Technology Case Management Program filed in state court is attached hereto as **Exhibit 9.**

11. A true and correct copy of a Notice of Scheduling Hearing and Order of Court – Civil Business & Technology (B&T) Track 6 filed in state court is attached hereto as **Exhibit 10.**

12. A true and correct copy of an Order for Pre-Trial Conference – Civil Business & Technology (B&T) Track 6 filed in state court is attached hereto as **Exhibit 11.**

13. A true and correct copy of a Scheduling Order – Civil Business & Technology (B&T) Track 6 filed in state court is attached hereto as **Exhibit 12.**

14. A true and correct copy of the Business and Technology Case Track Assignment is attached hereto as **Exhibit 13.**

15. A true and correct copy of a Notice of New Case Number filed in state court is attached hereto as **Exhibit 14.**

16. A true and correct copy of the state court docket is attached hereto as **Exhibit 15.**

17. Defendant PointClickCare was never formally served in the state court case.

18. On January 23, 2024, counsel for PointClickCare was emailed a copy of a writ of summons and asked whether counsel would accept service on behalf of PointClickCare.

19. PointClickCare has conferred with counsel for Plaintiff and understands that Plaintiff will be filing a waiver of service summons in this Court after this Notice of Removal is filed.

20. PointClickCare has not yet responded to the Complaint, and no other proceedings have occurred.

## FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

21. This Court possesses original jurisdictional over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

22. This dispute arises under the laws of the United States because Plaintiff asserts claims alleging violations of the CURES Act, 130 Stat. 1037. Compl. ¶¶ 115–138.

23. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they arise out of the same alleged conduct as its CURES Act claims and are therefore "so related to" the CURES Act claims such that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

24. Plaintiff's state law claims neither raise novel or complex issues of state law nor do they substantially predominate over the CURES Act claims. 28 U.S.C. § 1367(c).

25. Because original jurisdiction exists, PointClickCare may remove this action to this Court in accordance with 28 U.S.C. §§ 1331 and 1441.

## DIVERSITY JURISDICTION

26. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

**A.  The Amount in Controversy Exceeds $75,000.00**

27. The Complaint seeks damages "greater than $75,000." Compl. at p 42. For purposes of federal jurisdiction, this sum "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

**B.  The Action is Between Citizens of Different States**

28. A corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Burnett v. BJ's Wholesale Club, Inc.*, 2023 WL 2414492, at *3 (D. Md. Mar. 8, 2023).

29. For diversity purposes, a limited liability company's ("LLC") citizenship turns on the citizenship of the LLC's members. *See Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

30. Defendant is incorporated in Ontario, Canada and maintains its principal place of business in Ontario, Canada. *See* Compl. ¶ 10.

31. Plaintiff has averred that it is a "limited liability company organized under the laws of the State of Maryland, with its principal place of business at 785 Elkridge Landing Road, Suite 300, Linthicum Heights, Maryland." Compl. ¶ 9. A public records search did not identify Real Time Medical Systems' members. PointClickCare is presently unaware of the identities of Real Time Medical Systems' member(s) and therefore their place(s) of citizenship.

32. Accordingly, on information and belief, Real Time Medical Systems, on the one hand, and PointClickCare, on the other, are "citizens of a State and citizens or subjects of a foreign state" as contemplated by 28 U.S.C. § 1332(a)(2).

33. Because, alternatively, original jurisdiction exists under the diversity jurisdiction statute, PointClickCare may remove this action to this Court in accordance with 28 U.S.C. §§ 1332(a)(2) and 1441.

**PROCEDURAL REQUIREMENTS**

34. <u>Removal is Timely</u>. The Complaint was emailed to PointClickCare on January 23, 2024. Plaintiff has not effectuated formal service on PointClickCare. The deadline for removal has thus not yet been triggered, and therefore removal is timely. *See* 28 U.S.C. § 1446(b).

35. <u>This is the Proper Court</u>.  This Court is the appropriate venue for removal because it is the federal district court embracing the state court where Plaintiffs filed the state court action—Montgomery County, Maryland.  *See* 28 U.S.C. § 100, § 1441(a), § 1391(b)

36. <u>Signature</u>.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

37. <u>Pleadings and Process</u>.  Attached hereto as **Exhibits 1–14** are true and correct copies of the pleadings and papers received by PointClickCare via email in this action.  *See* 28 U.S.C. § 1446(a).

38. <u>Notice to State Court</u>.  Attached hereto as **Exhibit 16** is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Circuit Court for Montgomery County, Maryland.  *See* 28 U.S.C. § 1446(d).

39. <u>Notice to Plaintiffs</u>.  As required by 28 U.S.C. § 1446(d), PointClickCare will promptly provide written notice to Plaintiffs of this Notice of Removal and with its Notice of Filing of Notice of Removal to be filed this date in the Circuit Court for Montgomery County, Maryland.

40. Within thirty days after filing this notice, PointClickCare will file a certified state court record with this Court.  *See* LR 103.5(a).

41. As noted above, in filing this Notice of Removal, PointClickCare does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections it may have to this action.  PointClickCare intends no admission of fact, law, or liability by filing this Notice, and expressly reserves all defenses, motions, and/or pleas to Plaintiff's claims.

## **CONCLUSION**

WHEREFORE, this action is hereby removed from the Circuit Court for Montgomery County, Maryland to this Court and PointClickCare prays that the Court proceed, pursuant to 28

U.S.C. § 1441, as well as any other relevant and applicable law, as if this action had been originally filed in this Court.

Dated: January 31, 2024.

                        Respectfully submitted,

                        */s/ Brian T. Burgess*
Brian T. Burgess (D. Md. Bar No. 19251)
William C. Jackson
*Pro hac vice application forthcoming*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4215
Fax: +1 202 204 7265
BBurgess@goodwinlaw.com
WJackson@goodwinlaw.com

Carl E. Metzger (Md. Atty. ID #99112180251)
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1770
Fax: +1 617 801 8712
CMetzger@goodwinlaw.com

*Attorneys for Defendant PointClickCare Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, I electronically filed a true and accurate copy of the foregoing Notice of Removal and attached exhibits with the Clerk of Court using the CM/ECF System. A copy was also served by United States mail, postage prepaid and by email on the following recipients:

M. Celeste Bruce, Esq.
Madelaine K. Katz, Esq.
Rifkin Weiner Livingston, LLC
4800 Hampden Lane, Suite 820
Bethesda, Maryland 28104
cbruce@rwllaw.com
Mkatz@rwllaw.com
*Attorneys for Plaintiff*

Peter A. Biagetti
Aaron R. Fenton
Mintz, Levin, Cohen, Ferris, Glovsky And Popeo, P.C.
One Financial Center
Boston, MA 0211
PABiagetti@mintz.com
ARFenton@mintz.com
*Attorneys for Plaintiff*

*/s/ Brian T. Burgess*
Brian T. Burgess
