**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| REAL TIME MEDICAL SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>POINTCLICKCARE TECHNOLOGIES, INC. d/b/a POINTCLICKCARE<br><br>Defendant. | Case No: 8:24-cv-00313 PX |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Real Time Medical Systems, Inc. ("Real Time"), by undersigned counsel, submits the following Motion for Preliminary Injunction. Real Time seeks to enjoin PCC's renewed attempts to block Real Time from accessing patient healthcare data belonging to their shared customers, skilled nursing facilities ("Nursing Facilities"), who store their patients' data and health information with PCC. Although these Nursing Facilities have expressly authorized Real Time to access their patient records and data, PCC has improperly and illegally blocked that access in order to gain an advantage over its competitor, Real Time. If PCC's conduct is not enjoined, Real Time will be unable to fulfill its contractual obligations to the Nursing Facilities, will be forced out of business, and will ultimately cease to exist as a business before this lawsuit reaches a verdict—thereby allowing PCC to advance its competitive service to Real Time's Nursing Facilities upon Real Time's forced departure from the marketplace Worse on a human level, PCC's actions will cause needless patient suffering, including otherwise-preventable hospitalizations and deaths.

Real Time hereby incorporates its Memorandum in Support of this Motion and Exhibits thereto.

WEREFORE, for reasons stated herein, in the Memorandum in Support and Exhibits, the procedural requirements for the issuance of a preliminary injunction are satisfied: Real Time is likely to succeed on the merits of at least one, if not all, of its claims, Real Time is likely to suffer irreparable harm in the absence of immediate injunctive relief, the balance of the equities weighs overwhelmingly in Real Time's favor, and the public interest favors issuance of an injunction. Accordingly, this Honorable Court should grant the relief requested and issue a Preliminary Injunction and order such other further relief as the Court deems appropriate.

Dated May 30, 2024                    Respectfully submitted,

                                                     RIFKIN WEINER LIVINGSTON, LLC

*/s/ M. Celeste Bruce, Esquire*
M. Celeste Bruce (Bar No. 10710)
Madelaine Kramer Katz (Bar No. 19760)
Rifkin Weiner Livingston LLC
7700 Wisconsin Ave, Suite 320
Bethesda, Maryland 20814
cbruce@rwllaw.com
mkatz@rwllaw.com
301.951.0150 (p)
301.951.0172 (f)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of May, 2024 a copy of the foregoing was served on Defendant's counsel via the CM/ECF System and via e-mail as follows:

> Brian T. Burgess (D. Md. Bar No. 19251)
> William C. Jackson (Admitted Pro Hac Vice)
> Ashley M. Drake (Admitted Pro Hac Vice)
> Goodwin Procter LLP
> 1900 N Street, NW
> Washington, DC 20036
> BBurgess@goodwinlaw.com
> WJackson@goodwinlaw.com
> Amdrake@goodwinlaw.com
>
> Rod J. Rosenstein (D. Md. Bar No. 14793)
> King & Spalding LLP
> 1700 Pennsylvania Avenue, NW, Suite 900
> Washington, DC 20006
> RRosenstein@kslaw.com
>
> *Counsel for Defendant*

> /s/     *M. Celeste Bruce, Esq.*
> M. Celeste Bruce (Bar No. 10710)
> Madelaine Kramer Katz (Bar No. 19760)
> Rifkin Weiner Livingston LLC
> 7700 Wisconsin Ave, Suite 320
> Bethesda, Maryland 20814
> cbruce@rwllaw.com
> mkatz@rwllaw.com
> 301.951.0150 (p)
> 301.951.0172 (f)
> *Counsel for Plaintiff*